IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD BURT,

   *Plaintiff*,

v.                                               Case No.: 1:22cv75-MW/HTC

W. KENT FUCHS, et al.,

   *Defendants*.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REHEARING

This Court has considered, without hearing, Plaintiff's motion for rehearing on the judgment, ECF No. 23, and this Court's order granting Defendants' motion to dismiss, ECF No. 22, ECF No. 24, and Defendants' response in opposition, ECF No. 25. The motion, ECF No. 24, is **GRANTED in part** and **DENIED in part** for the reasons set out below.

Defendants moved to dismiss Plaintiff's complaint, asserting Plaintiff's alleged speech for which he says Defendants retaliated against him was not constitutionally protected, and framing Plaintiff's Fourteenth Amendment claim as solely a substantive due process violation. ECF No. 11. In response, Plaintiff argued that this Court must consider academic freedom as a heightened First Amendment concern in the context of this case. ECF No. 15 at 1–4. However, in ruling on the

motion to dismiss, this Court did not at all address the asserted interest of academic freedom or how *Garcetti*'s carve-out for "expression related to academic scholarship or classroom instruction," *Garcetti v. Ceballos*, 547 U.S. 410, 425 (2006), applied to the facts as alleged in this case. Nor did this Court address whether Plaintiff had sufficiently alleged a procedural due process claim. Now Plaintiff asks this Court to reconsider these issues—namely, the "academic exception to *Garcetti*," and whether this Court misapprehended his procedural due process claim and analyzed it solely from the perspective of a substantive due process claim.

Accordingly, to correct this Court's error in failing to address the scope of the "academic freedom" carve-out in *Garcetti* as applied to the facts alleged in Plaintiff's complaint and whether Plaintiff adequately alleged a procedural due process claim, Plaintiff's motion is **GRANTED in part**. *See, e.g.*, *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (noting that grounds for granting Rule 59 motion included "newly-discovered evidence or manifest errors of law or fact"). This Court's order granting the motion to dismiss, ECF No. 22, is **VACATED**, and this Court directs the Clerk to **VACATE** the judgment, ECF No. 23. To the extent Plaintiff asks this Court to deny the motion to dismiss, his motion is **DENIED in part**. Instead, the parties have additional time to properly present the issues for this Court, and they should note that the law does not countenance absolutes on either end of the argument with respect to academic freedom. In other words, while the law

2

recognizes that "academic freedom" is an interest that might factor into the First Amendment analysis when a professor's speech is at issue, it is not a get-out-of-jail-free card that immunizes a professor from any adverse action on his employer's part. Accordingly, Defendants shall file an amended motion to dismiss taking into account the added layers to the arguments raised in their previous motion. Defendants may cut and paste the arguments from their prior motion and response to the motion for rehearing and provide any additional argument with respect to the matters Plaintiff raised in his motion for rehearing.  Given the impending holiday, Defendants shall have until **on or before December 12, 2022**, to file their amended motion to dismiss. Plaintiff must file a response **on or before December 27, 2022**, and this Court will take the amended motion under advisement at that time.  The Clerk shall reopen the file.

    **SO ORDERED on November 21, 2022.**

            **s/Mark E. Walker**
            **Chief United States District Judge**